# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

September 28, 2026

**LETTER OPINION and ORDER**

Re: *Commercial Credit Group, Inc. v. 3, LLC, et al.*
Civil Action No. 26-12188 (JXN)

Dear Parties:

Before the Court is Plaintiff Commercial Credit Group, Inc.'s ("Plaintiff") Verified Complaint (ECF No. 1) and Order to Show Cause ("OTSC") for the return of property (ECF No. 4). For the reasons stated below, Plaintiff's OTSC is denied without prejudice to its ability to refile.

Because federal courts have "limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Jurisdiction "must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (citation omitted).

Plaintiff asserts the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which allows federal courts to hear matters between citizens of different states where the amount in controversy exceeds $75,000. (*See* Compl. ¶ 6, ECF No. 1.) Under § 1332(a), no plaintiff can be a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). The rules for citizenship are "well established." *Id.* A person is a citizen of the state where they are domiciled. *Id.* A corporation is a citizen "both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* And "the citizenship of an LLC is determined by the citizenship of its members." *Id.* at 420.

Here, Plaintiff claims that it is a Delaware corporation principally doing business in North Carolina. (Compl. ¶ 1); that Defendants The Bob Doerr Trinity Farm Corporation ("TBDTFC") and Trinity Farm Corporation ("TFC") are New Jersey corporations principally doing business in Louisiana (*id.* ¶¶ 3–4); and Defendant Bob Doerr ("Doerr") is a Louisiana resident (*id.* ¶ 5). So far, so good.

But Plaintiff asserts Defendant 3, LLC is "a Massachusetts limited liability company, licensed to do business in New Jersey with its principal business address located at 22376 Holmes Lane, Robert, LA 70455." (*Id.* ¶ 2.) This is insufficient to establish 3, LLC's citizenship. Plaintiff must identify the citizenship of 3, LLC's members. *Zambelli Fireworks*, 592 F.3d at 420. Plaintiff

fails to do so. The Court cannot simply assume none of 3, LLC's members are Delaware or North Carolina citizens. *Raab*, 180 F. App'x at 320.

Because Plaintiff does not adequately allege this case falls within the Court's limited jurisdiction, Plaintiff's OTSC (ECF No. 4) is **DENIED *without prejudice*** to Plaintiff's ability to refile. Plaintiff may, within thirty (30) days of this Order, file an amended pleading that adequately alleges subject matter jurisdiction and a renewed OTSC.

**SO ORDERED.**

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge